the facts to be as contended for by the defendant. As such findings could not be said to be manifestly contrary to the weight of the evidence, the judgment must be affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissenting.

Being unable to perceive that a compromise agreement (such as exists in this case) voluntarily made between two business corporations as the result of protracted conferences and negotiations, each party thereto having admittedly at the time a full and complete knowledge of all material facts and the law, should be allowed thereafter to be broken by the court on the sole ground that the complaining party now claims in stultification of its promise it was subjected to property or moral duress, I am constrained to dissent.

---

**Gratz B. Smith, Defendant in Error, v. Dominick Marubio, sued as Dominick Marubio Transfer Company, Plaintiff in Error.**

**Gen. No. 21,458.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 13, 1916.

### Statement of the Case.

Action by Gratz B. Smith, plaintiff, against Dominick Marubio, sued as Dominick Marubio Transfer Company, a corporation, defendant, to recover for

personal injuries sustained by the plaintiff as the result of a collision between the plaintiff's wagon and defendant's truck. To review a judgment for plaintiff, defendant prosecutes a writ of error.

D. K. COCHRANE, for plaintiff in error.

JOHN J. LUPE, for defendant in error; RUDOLPH FRANKENSTEIN, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 239*—*when evidence shows collision caused by defendant's negligence.* In an action to recover for personal injuries resulting from a collision between the plaintiff's wagon and a truck belonging to the defendant, alleged to have been caused by the negligence of the defendant's driver, evidence *held* not to justify a reversal of a judgment for the plaintiff.

2. DAMAGES, § 167*—*when variance is cured by amendment.* In an action for personal injuries, *held* that the contention of the defendant that testimony of physicians, who had attended the plaintiff, as to the reasonable value of their services was improperly admitted because the plaintiff's statement of claim averred that he had expended certain sums of money while the evidence showed that he had not paid the physician but had become liable to do so, was untenable, since, after the evidence was introduced, the court permitted the plaintiff to amend the statement of claim to correspond with the proof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.